# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                 Case No. 12-CR-137

**ALLEN MOTLEY,**
        **Defendant.**

## ORDER

Defendant Allen Motley pleaded guilty to conspiracy to distribute heroin, and at his June 13, 2013 sentencing hearing I determined that he qualified as a career offender based on prior convictions of substantial battery whiled armed, possession with intent to distribute cocaine, and substantial battery/intend bodily harm, triggering a guideline imprisonment range of 151-188 months. On consideration of the government's motion under U.S.S.G. § 5K1.1 and the 18 U.S.C. § 3553(a) factors, I imposed a sentence of 78 months. Defendant took no direct appeal of the sentence.

On March 28, 2016, defendant filed a motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2), which permits the court to reduce the prison term of a defendant sentenced based on a guideline range subsequently lowered by the Sentencing Commission. Defendant relied on guideline Amendment 782, which generally reduces by 2 the offense level in drug trafficking cases. I denied the motion because Amendment 782 did not have the effect of lowering defendant's applicable guideline range, see U.S.S.G. § 1B1.10(a)(2), which was

based on the career offender provision.[1] Defendant filed a notice of appeal from this decision, and that appeal is pending before the Seventh Circuit.

On May 9, 2016, defendant filed a document entitled "Affidavit of Facts." In that filing, he asks the court to reconsider the career offender designation in light of Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Court struck down as unconstitutionally vague the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"). The Court later held that Johnson applies retroactively. Welch v. United States, No. 15-6418, 2016 U.S. LEXIS 2451 (U.S. Apr. 18, 2016); see also Price v. United States, 795 F.3d 731 (7th Cir. 2015). Defendant requests that, should the court determine any of his prior convictions no longer qualify as career offender predicates, he be re-sentenced without that enhancement.

The court generally lacks authority to modify a term of imprisonment once it has been imposed, see 18 U.S.C. § 3582(c), and defendant provides no jurisdictional basis for his request for Johnson review. Federal prisoners serving ACCA sentences have relied on Johnson to challenge those sentences under 28 U.S.C. § 2255, which allows collateral attack on a sentence "in excess of the maximum authorized by law." It is unclear in this circuit whether Johnson applies to the identically worded career offender guideline, see Dawkins v. United States, 809 F.3d 953, 954 (7th Cir. 2016), although the Seventh Circuit has allowed some such claims to proceed, see, e.g., Swanson v. United States, No. 15-2776, 2015 U.S. App. LEXIS 21407 (7th Cir. Sept. 4, 2015). But see Cummings v. United States, No. 15-CV-1219, 2016 U.S. Dist. LEXIS 24547 (E.D. Wis. Feb. 29, 2016) (Stadtmueller, J.) (denying

---

[1] Under Amendment 782, defendant's base offense level under U.S.S.G. § 2D1.1(c) based on drug weight would have dropped from 28 to 26. However, Amendment 782 had no effect on the controlling base offense level of 32 under the career offender guideline, U.S.S.G. § 4B1.1(b)(3).

2

Johnson claim brought by career offender sentenced post-Booker).

Defendant has not previously filed a motion under 28 U.S.C. § 2255. The Supreme Court has held that before converting a mis-labeled filing to a first § 2255 motion, the district court should provide appropriate warnings. Castro v. United States, 540 U.S. 375, 383 (2003). I accordingly advise defendant that I intend to re-characterize his "Affidavit of Facts" as a § 2255 motion, warn him that this re-characterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions set forth in § 2255(h), and provide him with an opportunity to withdraw the filing or amend it so that it contains all of the § 2255 claims he believes he has.[2]

**THEREFORE, IT IS ORDERED** that on or before **June 24, 2016**, defendant either withdraw his filing or amend it to include any additional arguments for collateral relief. Defendant is advised that if he does not withdraw his filing by that date, I will proceed to analyze it under the Rules Governing Section 2255 Proceedings.

Dated at Milwaukee, Wisconsin, this 26th day of May, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[2] It does not appear that the pending appeal on defendant's § 3582(c)(2) motion would divest the court of jurisdiction to consider a Johnson challenge under § 2255. See Griggs v. Provident Consumer Disc., Co., 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").